UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| OPELOUSAS HOTEL GROUP, LLC | CIVIL ACTION NO. 6:18-1311 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| DDG CONSTRUCTION, INC., ET AL. | MAGISTRATE JUDGE WHITEHURST |

## REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is the Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 167] filed by third-party defendant RiskPro Insurance Agency, LLC ("RiskPro"). The motion is opposed by defendants and third-party plaintiffs Abhay H. Pradham and AP Architecture, Inc. ("collectively AP Architecture") [Doc. 179], and RiskPro filed a reply brief [Doc. 185]. For the reasons that follow, the undersigned recommends that the motion to dismiss for lack of personal jurisdiction be GRANTED, and that the claims of all parties asserting claims against RiskPro be DENIED AND DISMISSED WITHOUT PREJUDICE.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The instant lawsuit arises out of two contracts entered into by plaintiff OHG for the construction of a Hampton Inn hotel in Opelousas, Louisiana. In the first contract, OHG contracted with DDG Construction, Inc. ("DDG") to construct the

hotel. In the second contract, OHG contracted with AP to provide architectural and design services for the Hampton Inn. On October 5, 2018, OHG filed suit against DDG, asserting claims for damages against DDG for negligence and breach of contract for what OHG claims were defects in the construction of the Hampton Inn. OHG amended its Complaint on January 14, 2020 to add AP Architecture.

According to the AP defendants, prior to the institution of OHG's lawsuit against it, on or about March 19, 2019, AP obtained commercial liability insurance under a "claims made claims reported"[1] policy from Admiral, under which Admiral agreed to pay claims asserted against AP stemming "from a professional incident" (the "2019 Policy"). The AP defendants argue that while OHG amended its complaint to add AP as a defendant in January 2020, AP was not aware of the claim against it until March 24, 2020. The AP defendants argue that they promptly provided notice of the lawsuit to their broker, RiskPro, on March 26, 2020. Admiral contends, however, that it first received notice of this lawsuit on April 9, 2020, fifteen (15) days after AP first received notice of the claim. Admiral avers that the 2019 Policy "renewed" at the close of business on April 7, 2020, and the "new" policy (the "Renewed 2020 Policy") was issued for the time period of April 7, 2020-

---

[1] Without being privy to the specific language of the coverage language in the policy in question, a "claims made claims reported" policy is a type of claims made policy in which a claim must be both made against the insured and reported to the insurer during the policy period for coverage to apply.

April 7, 2021. Admiral has denied coverage to AP for the claims asserted in this lawsuit, asserting that it was entitled to deny coverage under the "claims made claims reported" policy because AP learned about the claim against it after the expiration of the 2019 Policy period.

After Admiral denied coverage for OHG's claim against AP, AP filed a declaratory judgment action against Admiral in North Carolina Superior Court, Mecklenberg County, seeking to enforce coverage for OHG's claim under the 2019 Policy (the "North Carolina Coverage Action"). RiskPro was also named as a defendant in the North Carolina Coverage Action, with AP asserting claims for damages against RiskPro stemming from its negligent failure to provide prompt notice of OHG's claim against AP to Admiral and for failing to ensure AP's coverage under the 2019 Policy and 2020 Renewed Policy.

Admiral removed AP's lawsuit to the United States District Court for the Western District of North Carolina on the basis of diversity jurisdiction. AP later amended its complaint in the North Carolina Coverage Action to assert additional claims against Admiral for breach of contract. Admiral filed a motion to dismiss and motion to transfer the North Carolina Coverage Action to Louisiana, citing the existence of the Louisiana Lawsuit, however those motions were denied as premature by the district court, given that Admiral had not yet been named as a

3

defendant in the instant litigation. The North Carolina district court noted in its ruling that its ruling is "subject to reconsideration if circumstances change – specifically, if Admiral is named in the Louisiana action." The North Carolina district court is currently reconsidering the issue of transfer of the North Carolina action to this Court.

This Court allowed OHG to add Admiral as a defendant in this litigation on February 18, 2021 [Doc. 92]. The AP defendants asserted cross claims against Admiral on November 23, 2021 [Doc. 144], and DDG asserted cross claims against Admiral and First Mercury on March 24, 2022 [Doc. 195].

In the instant motion, RiskPro argues that any and all claims alleged against it in this matter should be dismissed, because the Court lacks personal jurisdiction over it.

## II. LAW AND ANALYSIS

"Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv N'care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). Third-party plaintiffs, Abhay H. Pradham and AP Architecture, Inc., bear the burden in the instant case of establishing the personal jurisdiction of this Court over RiskPro.

When a court rules on a motion to dismiss for lack of personal jurisdiction

without holding an evidentiary hearing, as in this case, the plaintiff need only make a *prima facie* showing of personal jurisdiction. *Guidry v. U.S. Tobacco, Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999). "The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiff[ ] for purposes of determining whether a prima facie case for personal jurisdiction has been established." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). "In determining whether personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings." *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996). The Court may consider matters outside the complaint, including affidavits, interrogatories, depositions, or any combination of the recognized methods of discovery. *Id.*

Jurisdiction over a non-resident defendant is proper when (1) the defendant is amenable to service of process under the long-arm statute of the forum state and (2) the exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990). In the instant case, "these two inquiries merge into one because Louisiana's long-arm statute permits service of process coterminous with the scope of the due process clause." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d

374, 378 (5th Cir. 2002) (reversed in part on other grounds), *citing* La. R.S. 13:3201(B). "The Due Process Clause of the Fourteenth Amendment protects a corporation, as it does an individual, against being made subject to "the binding judgments of a forum with which it has established no meaningful 'contacts, ties, or relations.'" *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 5th Cir. 2012).

A court may exercise personal jurisdiction over a non-resident defendant when "(1) that defendant has purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state and (2) the exercise of personal jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) *quoting Int'l Shoe*, 326 U.S. at 316.

"Minimum contacts" can be established through specific jurisdiction or general jurisdiction. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). Specific personal jurisdiction exists (1) when a defendant has purposely directed its activities, or availed itself of the privileges of conducting its activities, toward the forum state; (2) the controversy arises out of or is related to those activities; and (3) the exercise of jurisdiction is fair, just, and reasonable. *Nuovo Pignone, SpA,* 310 F.3d 378, *citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462,

472 (1985). General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum state, regardless of whether such activity is related to the plaintiff's cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984).

"If a nonresident defendant has sufficient related or unrelated minimum contacts with the forum, we must then consider whether the 'fairness' prong of the jurisdictional inquiry is satisfied." *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). The fairness inquiry is determined by analyzing several factors: (1) the burden upon the nonresident defendant of litigating in the forum state; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the judicial system's interest in obtaining an efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies. *Bullion v. Gillespie*, 895 F.2d 213, 216 n.5 (5th Cir. 1990).

### A. <u>Specific jurisdiction analysis</u>

Specific personal jurisdiction exists (1) when a defendant has purposely directed its activities, or availed itself of the privileges of conducting its activities, toward the forum state; (2) the controversy arises out of or is related to those activities; and (3) the exercise of jurisdiction is fair, just, and reasonable. *Nuovo Pignone, SpA,* 310 F.3d 378, *citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462,

472 (1985). As the Supreme Court stated in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (U.S. 2011):

> Specific jurisdiction . . . depends on an "affiliatio[n] between the forum and the underlying controversy," principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of "issues deriving from, or connected with, the very controversy that establishes jurisdiction."

(internal citations omitted). Thus, specific personal jurisdiction is a claim-specific inquiry, and "only those acts which relate to the formation of the contract and the subsequent breach are relevant." *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 489 (5th Cir. 2018), citing *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) and *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 375 (5th Cir. 2003).

In this matter, RiskPro has not taken any actions to purposefully avail itself within Louisiana in this matter. The AP defendants' claims against RiskPro arise out of RiskPro's alleged failure to notify Admiral of claims brought against the AP defendants. Importantly, none of the activities allegedly giving rise to AP's claims occurred in Louisiana. All of RiskPro's agent activities -- including issuing and servicing AP Architecture's professional liability insurance -- occurred outside of Louisiana. AP Architecture is a North Carolina-based client of RiskPro, and RiskPro's only role was acting on behalf of its North Carolina-based client, involving services rendered in North Carolina. None of the claims asserted against

8

RiskPro are related to any actions taken – or not taken -- by RiskPro in the State of Louisiana. In his Affidavit, the principal owner of RiskPro, Gerald Brunker, attests that in connection with this litigation, "RiskPro had no contract with anyone located in the state of Louisiana."[2]

The Court is mindful that *the burden is on the movant seeking to establish jurisdiction* to actually establish that jurisdiction exists. In *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, the Fifth Circuit explained:

> Although jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a prima facie case for specific jurisdiction has been presented. Establishing a prima facie case still requires the plaintiff to show the nonresident defendant's purposeful availment of the benefits and protections of and minimum contacts with the forum state. *See Burger King*, 471 U.S. at 474, 105 S.Ct. 2174 ("[T]he constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State."); *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1079 (10th Cir.1995) ("[T]he mere allegation that an out-of-state defendant has tortiously interfered with contractual rights or has committed other business torts that have allegedly injured a forum resident does not necessarily establish that the defendant possesses the constitutionally required minimum contacts."); *IMO Indus., Inc. v. Kiekert, A.G.*, 155 F.3d 254, 263 (3d Cir.1997); *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 625–26 (4th Cir.1997), cert. denied, 523 U.S. 1048, 118 S.Ct. 1364, 140 L.Ed.2d 513 (1998).

253 F.3d 865, 868 (5th Cir. 2001). *See also Luv N'care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) ("This Court is also mindful that the plaintiff bears the

---

[2] *See* Affidavit of Gerald Brunker, para. 7, attached as Exhibit 1 to Motion to Dismiss, Doc. 167.

burden of proving that jurisdiction exists.").

Considering the foregoing, and after consideration of the applicable jurisprudence and the record before the Court, the undersigned finds that no specific jurisdiction exists in this case.

### B. General jurisdiction analysis

This Court similarly lacks general jurisdiction over RiskPro. General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum state, regardless of whether such activity is related to the plaintiff's cause of action. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609–10 (5th Cir. 2008), *citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). "The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Id., See also Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir.2001) "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction ...." *Johnston*, 523 F.3d at 610, *citing Revell v. Lidov, 317 F.3d 467, 471* (5th Cir.2002).

In *Goodyear*, 564 U.S. at 919, the Supreme Court explained, "[a] court has general jurisdiction over a foreign corporation when its "affiliations with the State

are so 'continuous and systematic' as to render them essentially at home in the forum State." In *Daimler AG v. Baumer*, 571 U.S. 117, 136-138 (2014), the Court clarified the "at home" standard described in *Goodyear*, reasoning that companies should not be forced to defend themselves in jurisdictions where they may have a presence, or even where they conduct significant amounts of business, yet are not "at home." For a corporation, "the paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." *Goodyear*, 564 U.S. at 924.

"General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir.1999). The contacts must be reviewed in toto, and not in isolation from one another. *Holt Oil & Gas Corp. v. Ha*rvey, 801 F.2d 773, 779 (5th Cir.1986); *see also Religious Tech. Ctr.*, 339 F.3d at 374 ("None of the activities individually constitutes a substantial or meaningful contact with Texas, Texas law, or Texas residents, and certainly considered in toto they fail to amount to continuous and systematic contact with Texas such that general jurisdiction is created."). Vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction. *See Gardemal v. Westin Hotel Co.*,

186 F.3d 588, 596 (5th Cir.1999). As the district court stated in *Douglass v. Nippon Yusen Kabushiki Kaisha*, 465 F.Supp.3d 610, 621-22 (E.D. La. June 4, 2020), *citing Daimler*, 571 U.S. at 139 n. 20:

> Importantly, "the general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-[forum] contacts." The inquiry "instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide[,]" because "[a] corporation that operates in many places can scarcely be deemed at home in all of them."

(internal citations omitted).

Review of the record in this matter shows that RiskPro does not have sufficient contacts with the forum state to demonstrate continuous and systematic contact with Louisiana. RiskPro is incorporated in the state of Texas; has its principal place of business in Texas; and has no offices outside the state of Texas. Additionally, RiskPro is neither a resident of Louisiana nor does it maintain any offices in Louisiana. RiskPro is in the business of brokering insurances policies and products, however, the policies it has written in Louisiana comprise just 3.26% of the total number of policies written by RiskPro in the last year. The fact that RiskPro has registered with the Louisiana Department of Insurance as a property, casualty, and surplus lines broker – without more -- does not establish general jurisdiction. *See, e.g.*, *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 182 (5th Cir. 1992) (no cases support "the proposition that the appointment of an agent for process

and the registration to do business within the state, without more, suffices to satisfy the criteria for the exercise of general jurisdiction."). *Accord Mercury Rents, Inc. v. Crenshaw Enterprises Ltd.*, 2017 WL 2382483, at *1 (W.D. La. May 30, 2017) (registering to do business in a forum state does not establish general jurisdiction).

Thus, while RiskPro has a presence in Louisiana, by virtue of a small percentage of its policies being sold to Louisiana customers, it does not have continuous and systematic contact with Louisiana such that it can be said to be "at home" in Louisiana. Therefore, the undersigned finds that general jurisdiction does not exist in this case.

Because the plaintiff fails to demonstrate the existence of either specific or general jurisdiction, this Court need not make a finding as to whether the "fairness" prong of the jurisdictional inquiry is satisfied. Out of an abundance of caution, however, the undersigned specifically finds that the exercise of jurisdiction over RiskPro would not be fair, just, or reasonable given that RiskPro maintains no physical presence in Louisiana.

Based on the foregoing, the undersigned concludes that those parties filing claims against RiskPro fail to establish a *prima facie* case of personal jurisdiction over RiskPro.

## III. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 167] be GRANTED, and that the claims of all plaintiffs asserting claims against RiskPro be DENIED AND DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 5th day of April, 2022.

*[signature]*

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE